UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREA WHITE, KYLIA WHITE-DONELSON,                    PLAINTIFFS
INDIVIDUALLY AND AS NEXT OF KIN TO K.D., A
MINOR, AND K.D.

V.                                        CIVIL ACTION NO. 3:26-CV-11-DPJ-ASH

AMERICAN MODERN PROPERTY AND CASUALTY                    DEFENDANT
INSURANCE COMPANY

ORDER

Defendant American Modern Property and Casualty Insurance Company has filed a

motion seeking a one-month extension of its expert designation deadline. Mot. [22]. The Court

ordered expedited briefing, which is now complete. For the reasons that follow, the Court grants

American Modern's motion.

I.       Facts and Procedural History

American Modern removed this case, which "arises from Plaintiffs' claims for breach of

contract and bad faith against [American Modern] in connection with a homeowners insurance

policy issued to Plaintiff Andrea White," on January 7, 2026. Mot. [22] at 1. The Court held a

telephonic case-management conference on February 19, 2026, and set the following relevant

deadlines:

- Plaintiffs' expert designation deadline: June 17, 2026;

- Defendant's expert designation deadline: July 17, 2026;

- discovery deadline: September 17, 2026.

On May 8, American Modern served interrogatories and requests for production on

Plaintiffs; responses were due by June 7. When no responses were received, American Modern's

counsel reached out to Plaintiffs' counsel on June 10. Plaintiffs' counsel responded the following

day, promising discovery responses by June 17. When June 17 came and went with no discovery responses, defense counsel contacted Plaintiffs' counsel again; Plaintiffs' counsel indicated he intended to provide discovery responses by June 30. The parties conferred telephonically on June 30, and Plaintiffs' counsel assured defense counsel that discovery responses would be produced within one week (or by July 7).

Also on June 30, defense counsel reached out to the undersigned's chambers to request a telephonic discovery conference with the Court. That conference was set for July 10. On July 8, Plaintiffs served responses to American Modern's interrogatories. During the July 10 telephonic discovery conference, the Court ordered Plaintiffs to respond to the outstanding requests for production by July 17; a Notice of Service filed that date suggests they complied.

On July 16, American Modern filed the instant motion seeking a one-month extension of its expert designation deadline. Plaintiffs responded in opposition, and American Modern filed a timely reply.

II.     Analysis

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)). Courts consider four factors "when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* (quoting

*Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). Applying these factors, the Court finds American Modern has shown good cause to extend its expert designation deadline by one month.

Starting with American Modern's explanation for the inability to designate experts by the deadline, it says that it was unable to make a meaningful expert designation before receiving Plaintiffs' discovery responses. And, as described above, American Modern was diligent in attempting to obtain Plaintiffs' delinquent discovery responses.[1] American Modern further explains that when Plaintiffs served responses to its interrogatories on July 8—nine days before its expert designation deadline—it first learned that Plaintiffs were pursuing "an entirely new liability theory never articulated in the Amended Complaint" as to which expert testimony may be appropriate. Reply [27] at 1. American Modern has articulated a sufficient explanation for the need for an extension.

As to the importance of the amendment, without it American Modern will be unable to designate experts in this case, and it believes expert testimony will be needed, "[g]iven that Plaintiffs seek damages for lifelong injuries to a minor." Reply [27] at 5. Regarding prejudice, Plaintiffs suggest that because they did not designate experts, allowing American Modern an extension would prejudice Plaintiffs. But Plaintiffs' failure to timely designate experts or seek an extension of time within which to do so is not attributable to American Modern's timely request to extend its expert designation deadline. It is instead attributable to Plaintiffs' own dilatoriness.[2]

---

[1] American Modern certainly could have served initial discovery requests earlier than it did. But when it finally did in early May, more than four months of discovery remained.

[2] Plaintiffs ask in their response for "a corresponding extension of their [expired] expert designation deadline." Resp. [25] at 9. Under Local Rule 7(b)(3)(C), "[a] response to a motion may not include a counter-motion in the same document." Plaintiffs' request for a reciprocal extension is not properly before the Court.

A one-month extension of American Modern's expert designation deadline will not prejudice Plaintiffs.

Finally, because there is no prejudice, there is no need for a continuance. Following American Modern's extended expert designation deadline, one month of discovery will remain. Should the parties decide more time is needed to complete discovery, a brief continuance of the discovery and motions deadlines may be accommodated without disturbing the current pretrial and trial settings. And should a brief continuance of those settings later be needed, it would be the first continuance in this case, which has been pending for less than a year. Based on all of this, the Court concludes American Modern has shown good cause to extend its expert designation deadline.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, American Modern's motion [22] is granted. Its expert designation deadline is August 17, 2026.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

4